**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **PLEASANT RETREAT UNITED** | § | |
| **METHODIST CHURCH,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **(JURY)** |
| **CHURCH MUTUAL INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Pleasant Retreat United Methodist Church (hereinafter, "Pleasant Retreat" or "Plaintiff"), by and through the undersigned counsel, and hereby files this lawsuit against Church Mutual Insurance Company (hereinafter, "Church Mutual" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

## PARTIES

1.      Pleasant Retreat is a Texas Nonprofit Organization with its principal place of business located in Tyler, Texas.

2.      Church Mutual is a foreign company registered in Merrill, Wisconsin, with its principle place of business located in Wisconsin.  Church Mutual is authorized to conduct business in Texas under the Texas Insurance Code, that issues policies in the State of Texas.  Church Mutual engages in the business of insurance in the State of Texas, and

may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, TX 75201.

## JURISDICTION

3.      This Court has jurisdiction based on diversity of citizenship of the parties under 28 U.S.C § 1332 and the amount in controversy is within the jurisdictional limits of the Court.

## VENUE

4.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S. Code § 1391(b)(2)  because the Plaintiffs' property and the occurrences that made the basis of this Complaint, are located in and/or took place in Smith County, Texas, which is in this district.

## FACTS COMMON TO ALL COUNTS

5.      This is a first-party insurance claim dispute arising out of a loss suffered due to windstorm and/or hail.

6.      Pleasant Retreat is a religious institution with insured property located at 417 County Road 1143, Tyler, Texas 75704, and 13377 Highway 64, Tyler, Texas 75704 ("Covered Property").

7.      Church Mutual sold and issued insurance policy number 020165-02-819102 (the "Policy") to Pleasant Retreat that provided coverage to protect and insure the Covered Property.  A copy of the Policy is attached as **Exhibit "A."**

8.      On or about May 3, 2017, Pleasant Retreat suffered a loss due to windstorm and/or hail to the Covered Property.

9.      The Policy state in pertinent part as follows:

**A. COVERAGE**
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations Page cause by or resulting from any Covered Cause of Loss.

1. Covered Property.
   . . .
   a. Building, meaning the building or structure described in the Declarations Page, including:
      . . .
      (4) Glass windows and their protective covering; including stained glass windows.
      . . .
      (9) Steeples, pews, baptistries, pulpits, railings, altars, lecterns, clocks, bells and organs.

10. The Policy provides coverage for the Policy Period of 07/13/2015 to 07/13/2018. *See* **Exhibit "A,"** Common Policy Declarations Page.

11. The Policy covers damages resulting from windstorm and/or hail.

12. The Policy covers any and all direct physical loss of or damage to Covered Property caused by windstorm and/or hail.

13. The Policy covers ensuing interior water damages through any and all openings created by windstorm and/or hail.

14. The Policy includes replacement cost coverage.

15. The Policy includes Building Ordinance coverage.

16. The Policy does not include an endorsement limiting recovery for damages caused by windstorm and/or hail.

17. The Policy does not contain an exclusion precluding coverage for damages caused by windstorm and/or hail.

18.     On or about May 3, 2017, the Policy was in full force and effect when Pleasant Retreat incurred a loss due to windstorm and/or hail ("the loss") to its Covered Property.  As stated, *supra*, damages resulting from such a storm, whether caused by windstorm and/or hail, are covered under the Policy.

19.     Pleasant Retreat timely notified Church Mutual of the loss and fulfilled all its obligations under the Policy pertaining to Church Mutual's investigation of its claim.

20.     At that time, and pursuant to their Policy, the Pleasant Retreat made a simple request to Church Mutual—to cover and pay for the cost of repairs to the Covered Property damaged by the loss.

21.     Despite Pleasant Retreat's cooperation, and despite the extent and severity of the damage suffered to the Covered Property, Church Mutual ultimately denied insurance benefits to Pleasant Retreat that were due and owing under the Policy, thereby failing to uphold its obligation to its insured.

22.     Specifically, Pleasant Retreat's property suffered windstorm and/or hail damage requiring repair and/or replacement of the roofing systems, interior structures, steeple, siding, windows, stairs, and other areas of the Covered Property. These damages are present at the Main Building/Sanctuary/Quadrangle (Premises 001, Building No. 001), Family Life Center (Premises 001, Building No. 002), Parsonage Carport (Premises 001, Building No. 003), and a Dwelling known as the "White House" on Hwy 64 (Premises 002, Building No. 004).

23.     The intended purpose for the asphalt shingle roofing systems at the Covered Property were compromised by the loss.

24.     Despite the severe damage to the Covered Property, Church Mutual has failed to pay what is owed.

25.     Pleasant Retreat timely reported its claim to Church Mutual.

26.     Pleasant Retreat complied with all post-loss conditions under the Policy.

27.     Church Mutual's failure to pay owed insurance benefits to Pleasant Retreat after a direct loss occurred is a breach of the contract of insurance.

28.     Church Mutual's failure to properly investigate the loss, along with its failure to timely adjust the loss, creates liability for breach of the duty of good faith and fair dealing and amounts to unfair settlement practices.

29.     Pursuant to the Policy, Church Mutual has a contractual obligation to pay the full amount of the loss, including the cost to repair, restore, and/or replace the Covered Property, less applicable deductibles.

30.     Church Mutual breached the Policy by failing to pay Pleasant Retreat's benefits once they became due and owing under the Policy.

31.     As a result of Church Mutual's improper investigation, and adjustment of the loss, Pleasant Retreat had to retain its own experts to assess the damages to the Covered Property and determine the cause and extent of the loss.

32.     Specifically, Pleasant Retreat hired Mr. Greg Kaszas, P.E., with GRK Consulting Engineers, Inc. who inspected the Covered Property. Mr. Kaszas identified windstorm and/or hail damage to the Covered Property and ultimately concluded that the damages warrant a full roof replacement for the shingled roofs.  A true and correct copy of GRK Consulting Engineers, Inc.'s report is attached hereto as **Exhibit "B."**

33.    Pleasant Retreat also retained Steve Shannon of Disaster Response Group who investigated windstorm and/or hail damages to the Covered Property.  The Xactimate estimate completed by Disaster Response Group identifies the total costs to restore Pleasant Retreat's Covered Property to its pre-loss condition and totals **$704,757.23**.  A true and correct copy of the Disaster Response Group Estimate is attached hereto as **Exhibit "C."**

34.    These reports have been provided to Church Mutual for its consideration.

35.    Church Mutual wrote and sold the Policy purchased by Pleasant Retreat intending to provide benefits for covered losses such as windstorm and/or hail.

36.    Pleasant Retreat paid insurance premiums to bind the Policy.

37.    Under the Policy, Church Mutual owes its insured a duty of good faith and fair dealing to fully and fairly adjust Pleasant Retreat's claim.

38.    Church Mutual has the obligation to treat Pleasant Retreat fairly.

39.    Church Mutual has the obligation to retain competent adjusters to adjust its insured's claim.

40.    Church Mutual has the obligation to place Pleasant Retreat's financial interests at least equal to, if not better than, Church Mutual's financial interests.

41.    Church Mutual has the obligation to retain unbiased consultants.

42.    Church Mutual has the obligation to ensure that its retained consultants apply the proper standards as defined by the Policy.

43.    Church Mutual has the obligation to properly apply the terms of the Policy to its insured's loss.

44.     Church Mutual has the obligation to pay for any and all direct physical loss of or damage to Pleasant Retreat's Covered Property as a result of this loss, including but not limited to replacement of the shingled roofs, repair of interior water damages, steeple, siding, windows, stairs, and other areas of the Covered Property.

45.     Church Mutual has the obligation to consider any and all information provided to it by Pleasant Retreat and/or its representatives during the adjustment of the loss.

46.     Church Mutual breached its duties by:

    a.   conducting an incomplete, inadequate, and/or outcome-oriented investigation of Pleasant Retreat's loss in order to avoid paying benefits due and owing, including but not limited to costs sufficient to replace the shingled roofs;

    b.   misleading Pleasant Retreat as to the terms, conditions, and coverage under the Policy for the loss;

    c.   retaining outcome-oriented experts that routinely deny and/or undervalue claims for Church Mutual and/or other insurers in the industry;

    d.   failing to adjust and/or pay the claim within a reasonable time after receiving notice of the loss; and

    e.   denying coverage in whole or in part, delaying payment, refusing to pay, and failing to pay for the repairs and line items set forth herein

as a matter of course, rather than as a result of fully and fairly investigating the loss.

47.     Church Mutual knew and either ignored or recklessly disregarded the fact that there was no reasonable basis for engaging in the conduct alleged herein.

48.     Church Mutual's denial of benefits due and owing under the Policy has caused Pleasant Retreat financial distress, pecuniary loss, and has resulted in additional consequential damages.

49.     Church Mutual knew or should have known that that its decision to deny Pleasant Retreat's claim in whole or in part would cause Pleasant Retreat financial distress and pecuniary loss.

50.     By committing the acts and/or omissions as described in paragraph 47, Church Mutual has breached the covenant of good faith and fair dealing with regard to its insured.

51.     This breach of the covenant of good faith and fair dealing amounts to unfair settlement practice under Texas law, and has caused Pleasant Retreat to incur injuries, damages, and losses in amounts to be determined at trial.

52.     Pleasant Retreat has provided its 60-day letter to Church Mutual as is required by Chapters 541 and 542 of the Texas Insurance Code as a prerequisite for this lawsuit. *See* 60-day notice letter attached hereto as **Exhibit "D."**

53.     To date, Church Mutual has not adequately compensated Pleasant Retreat for their loss.

54.     By wrongfully denying proper payments to Pleasant Retreat and wholly failing to properly handle Pleasant Retreat's Claim, Church Mutual breached the duty of good faith and fair dealing owed to Pleasant Retreat as insured in an insurance contract with Church Mutual. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). A special relationship exists as a result of policyholders like Pleasant Retreat's and Church Mutual (the insurer) "unequal bargaining power"—because the insurer has the ability to more easily take advantage of the insured due to an insurers' exclusive control over the evaluation, processing and denial of claims. In legal terms, this unlevel playing field results in a "special relationship" between an insurer and insured and further justifies the imposition of a common-law duty on insurers to deal fairly and in good faith with their insured. Church Mutual breached its common-law duty by failing to deal fairly and in good faith with its insured, Pleasant Retreat.

55.     Church Mutual's conduct was not only a breach of its common law duty to deal fairly and in good faith with Pleasant Retreat based on this "special relationship" between the parties, but also constitutes a breach of the insurance contract between Church Mutual and Pleasant Retreat. Over a century ago, Justice Learned Hand wrote: "[a] contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent." *Hotchkiss v. Nat'l City Bank*, 200 F. 287, 293 (S.D.N.Y. 1911).

56.     The insurance Policy in effect between Pleasant Retreat and Church Mutual is a contract wherein the insurance company, Church Mutual, offers to provide insurance coverage and services associated therewith in exchange for the policyholder's payment of annual premiums in consideration of the contract. Texas law recognizes a cause of action for breach of contact. Pursuant to Texas law, either party to the contract can initiate legal action against the other party for violations of that contract that causes damages. A breach of contract claim is distinct and independent from a tort claim such as a breach of the duty of good faith and fair dealing or a violation of statutory or other extra-contractual claims. Tort and contract claims are separate and independent, yet they are factually interwoven, and the same evidence is often admissible on both types of claims in an insurance policy claim dispute.

57.     Here, Church Mutual failed to perform its contractual duties to adequately compensate Pleasant Retreat under the terms of the Policy. Specifically, Church Mutual refused to pay the full proceeds of the Policy, although due notice was made for proceeds to be paid in an amount sufficient to repair and/or replace damage to the Covered Property, and all conditions precedent to recovery upon the Policy have been carried out and accomplished by Pleasant Retreat. Thus, from and after the time Pleasant Retreat's Claim was presented to Church Mutual, the liability of Church Mutual to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, Church Mutual refused to pay Pleasant Retreat in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. Church Mutual's conduct has caused Pleasant Retreat to lose Policy benefits to which they were

entitled, and which should have been paid by Church Mutual, but were not. Church Mutual's conduct constitutes a breach of contract as well as a breach of the common law duty of good faith and fair dealing.

58.     Church Mutual's conduct here includes various torts, such as violations of the Texas Insurance Code.  In Texas, the vast majority of insurance policies, including Church Mutual's Policy contract with Pleasant Retreat, do not contain provisions to account for an insurance company's and/or its representatives' (improper) acts or omissions undertaken through their handling of a claim; which incidentally affect the duration and outcome of the claim, and otherwise, to policyholders' detriment. To account for such acts and omissions that fall outside the four-corners of the contract language (but nonetheless affect the claim and/or detrimentally harm the policyholder), the Texas Legislature in 1973 enacted the Texas Deceptive Trade Practices—Consumer Protection Act (hereafter referred to as the "DTPA") to "protect consumers against false, misleading, and deceptive business practices, unconscionable actions…and to provide efficient and economical procedures to secure such protections." *See* TEX. BUS. & COM. CODE § 17.44. Specifically, the DTPA provides that a consumer may maintain an action where an insurance company (or one of its employees or agents) commits an act or practice in violation of Chapter 541 and/or 542 of the Texas Insurance Code. *See* TEX. BUS. & COM. CODE § 17.50. These enumerated acts (as found within Chapters 541 and 542 of the Texas Insurance Code) are generally not included within the written contractual terms of the insurance policy. These two bodies of law (contract and tort) are neither overlapping, nor

mutually exclusive. Rather, they are entirely independent issues under independent bodies of law with unique causes of action and damages available.

59.     A later Texas Legislature specifically created and enacted the Texas Insurance Code to protect consumers, like Pleasant Retreat, and to regulate insurance professionals, like Church Mutual, because the language of insurance policy contracts (without more) were not properly serving those functions. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any person or entity engaged in the business of insurance in the State of Texas must follow. Those duties and obligations are wholly independent of those for which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states that "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Chapters 541 and 542 of the Texas Insurance Code describe various claims settlement practices, among extensive other rules and requirements with which anyone engaged in the business of insurance in the State of Texas must comply and not violate; as well as deceptive, unfair, and prohibited practices with which anyone engaged in the business of insurance in the State of Texas must not engage or undertake. Insurance policies in Texas, such as Pleasant Retreat's Policy with Church Mutual, are silent as to these statutory provisions.

60.     Church Mutual voluntarily assumed a non-contractual obligation to inspect and value Pleasant Retreat's damages, thereby causing its conduct to be governed by the

applicable provisions of the Texas Insurance Code. However, Church Mutual then failed to comply with its obligations and duties under the law for inspecting and valuing covered losses, and likewise, failed to perform its contractual duty to adequately compensate Pleasant Retreat for monies owed to them under the Policy.

61.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Church Mutual and its agents made misrepresentations by means of deceptive conduct by failing to conduct a reasonable inspection and investigation of Pleasant Retreat's damages. Church Mutual has committed tort(s) with its numerous misrepresentations, violations of the Texas Insurance Code and otherwise. Specifically, Church Mutual and its personnel violated Chapter 541 of the Texas Insurance Code by misrepresenting to the Plaintiff that some damages to the Covered Property were not covered under the Policy, even though the damages the Covered Property sustained were caused by a covered occurrence. Church Mutual and its personnel further violated the Texas Insurance Code by undervaluing and under-scoping the damages Pleasant Retreat incurred and continues to incur. Church Mutual's misrepresentations caused Pleasant Retreat to suffer "actual damages" – which, under the Texas Insurance Code, are those recoverable at common law – as well as reasonable and necessary attorneys' fees, and any other damages.  Additionally, for violations of Chapter 541 of the Texas Insurance Code, that law entitles Pleasant Retreat to recover court costs, reasonable and necessary attorney fees, and any other relief the court determines is proper. *See* TEX. INS. CODE § 541.152. Church Mutual's and its personnel's

conduct, as described above and herein, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices, *See* TEX. INS. CODE § 541.060(a)(1).

62.    Church Mutual and its personnel failed to make an attempt to settle Pleasant Retreat's Claim in a prompt, fair, and/or equitable manner, although they were aware of their liability to Pleasant Retreat.   As such, Church Mutual's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(2)(A). Specifically, Church Mutual's and its personnel's failure to properly investigate, their undervaluation of the Claim, and conduct otherwise, caused Pleasant Retreat to lose Policy benefits to which they were entitled, and which should have been paid initially and timely by Church Mutual but were not. Further, Church Mutual's conduct necessitated that Pleasant Retreat retain the services of both a public adjuster and then an attorney to attempt to be made whole related to Pleasant Retreat's damages from the loss. Pleasant Retreat is entitled to recover actual damages for Church Mutual's violation of this section of the Texas Insurance Code. *Id.*

63.    Church Mutual failed to explain to Pleasant Retreat the reasons for its inadequate claim payment and/or settlement, and failed to explain the reason why full payment was not being made. Furthermore, Church Mutual neither communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor provided any explanation for the failure to adequately resolve Pleasant Retreat's Claim. As such, Church Mutual's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(3). Church Mutual's conduct caused Pleasant Retreat to suffer actual damages and lose Policy benefits

to which they were entitled, and which should have been paid initially by Church Mutual, but were not. Pleasant Retreat, therefore, is entitled to recover Policy benefits, as actual damages as well as attorneys' fees and costs for Church Mutual's and its personnel's violation(s) of this section of the Texas Insurance Code. Id.

64.     Furthermore, Church Mutual failed to affirm or deny coverage of Pleasant Retreat's Claim within a reasonable time. Specifically, Pleasant Retreat did not receive from Church Mutual a timely, written indication of acceptance or rejection of Pleasant Retreat's full and entire Claim. Church Mutual's conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(4). Church Mutual's conduct caused Pleasant Retreat to lose Policy benefits to which they were entitled, and which Church Mutual should have paid Pleasant Retreat initially, in full. Pleasant Retreat therefore, is entitled to recover Policy benefits as actual damages for Church Mutual's violation of this section of the Texas Insurance Code as well as all other damages to which they are entitled to under the relevant law. *Id.*

*65.*     Finally, Church Mutual failed to conduct a reasonable investigation and refused to fully compensate Pleasant Retreat under the terms of the Policy. Specifically, Church Mutual performed an outcome-oriented investigation of Pleasant Retreat's Claim, which resulted in a biased, unfair, and inequitable evaluation of Pleasant Retreat's losses on the Covered Property.   Church Mutual's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(7). Church Mutual's conduct caused Pleasant Retreat to lose Policy benefits to which they were entitled, and which Church Mutual should have paid initially,

in full, but failed to do so. Pleasant Retreat therefore, is entitled to recover Policy benefits as actual damages as well as attorneys' fees and costs for Church Mutual violations of this section of the Texas Insurance Code, among other damages. *Id.*

66.     After receiving notice of Pleasant Retreat's Claim, Church Mutual failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Pleasant Retreat's Claim, beginning an investigation of Plaintiffs' Claim, and requesting all information reasonably necessary to investigate Pleasant Retreat's Claim within the statutorily mandated time of receiving notice of Pleasant Retreat's Claim. Church Mutual's conduct is a violation of Section 542.055 of the Texas Insurance Code Prompt Payment Claims Act. *See* TEX. INS. CODE § 542.055. Church Mutual's conduct caused Pleasant Retreat to suffer actual damages which include the loss of Policy benefits to which they were entitled, and which should have been paid by Church Mutual, but were not. Pleasant Retreat therefore, are entitled to recover Policy benefits as actual damages, as well as attorneys' fees, interest, costs, and all other amounts to which they are entitled, for Church Mutual's violations of this section of the Texas Insurance Code. *Id.*

67.     Church Mutual failed to accept or deny Pleasant Retreat's full and entire Claim within the statutorily mandated time of receiving all necessary information. Church Mutual's conduct constitutes a violation of Section 542.056 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE § 542.056. Church Mutual's conduct caused Pleasant Retreat to suffer actual damages which constitutes the loss of Policy benefits to which they were entitled, and which Church Mutual should have paid, in full. Pleasant Retreat therefore, is entitled to recover Policy benefits as actual damages as well

as attorney's fees, interest, costs, and all other amounts to which they are entitled, for Church Mutual's violations of this section of the Texas Insurance Code. *Id.*

68.     Church Mutual failed to meet its obligations under the Texas Insurance Code regarding payment of Pleasant Retreat's claim without delay. Specifically, Church Mutual delayed full payment of Pleasant Retreat's Claim longer than allowed, and, to date, Pleasant Retreat still has not received full payment of their Claim. Church Mutual's conduct constitutes a violation of Section 542.058 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE § 542.058. As a result of Church Mutual's violation of Section 542.058 of the Texas Insurance Code, Pleasant Retreat's lost Policy benefits to which they were entitled, and which Church Mutual should have paid them timely and in full. Pleasant Retreat, therefore, is entitled to recover Policy benefits as their actual damages as well as attorneys' fees, interest, costs, and all other amounts to which they are entitled, for Church Mutual's violations of this section of the Texas Insurance Code. *Id*.

69.     From the time Pleasant Retreat's claim was presented to Church Mutual, the liability of Church Mutual to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Church Mutual has refused to pay Pleasant Retreat in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny full payment. Church Mutual's conduct constitutes a breach of the common law duty of good faith and fair dealing.

70.     Additionally, Church Mutual and its personnel knowingly and/or recklessly made false representations, as described above and herein, as to material facts and/or

knowingly concealed from the Pleasant Retreat all or part of material information relevant to their Claim.

71.     As a result of Church Mutual's and its personnel's wrongful acts and omissions, Pleasant Retreat was forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action and whose signatures appear below on this pleading.

72.     Pleasant Retreat's experience is not an isolated case. The acts and omissions Church Mutual committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Church Mutual with regard to handling these types of claims. Church Mutual's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders, like Pleasant Retreat here.

73.     Church Mutual is liable to Pleasant Retreat for breach of contract, as well as violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. Church Mutual's personnel also committed several violations of the Texas Insurance Code, which Church Mutual has agreed to accept liability and/or responsibility for these acts of its agents.

74.     All conditions precedent to Pleasant Retreat's claims for relief have been performed or have occurred and/or Church Mutual waived the same. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A and pre-litigation alternative dispute resolution, if any.

## CAUSES OF ACTION:
### CAUSES OF ACTION AGAINST CHURCH MUTUAL

75.     Pleasant Retreat incorporates by this reference each and all of the factual allegations contained in Paragraphs 1-74 of this Complaint as though fully set forth herein.

76.     Church Mutual is liable to Pleasant Retreat for breach of contract, as well as violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.

## COUNT I.
### BREACH OF CONTRACT

77.     Pleasant Retreat incorporates by this reference each and all of the factual allegations contained in Paragraphs 1-76 of this Complaint as though fully set forth herein.

78.     Church Mutual's conduct constitutes a breach of the insurance contract made between Church Mutual and Pleasant Retreat. Church Mutual's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Church Mutual's insurance contract with Pleasant Retreat.

## COUNT II.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

79.     Pleasant Retreat incorporates by this reference each and all of the factual allegations contained in Paragraphs 1-78 of this Complaint as though fully set forth herein.

80.     Church Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)-§

541.060(a)(7). All violations under this article are made actionable by Section 541.151 of the Texas Insurance Code. *See* TEX. INS. CODE § 541.151.

81.     Church Mutual's unfair settlement practice, as described above, of misrepresenting to Pleasant Retreat material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(1).

82.     Church Mutual's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Church Mutual's liability under the Policy was reasonably clear, is a violation of Section 541.060(a)(2)(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(2)(A).

83.     Church Mutual's unfair settlement practice, as described above, of failing to promptly provide Pleasant Retreat with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(3).

84.     Church Mutual's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Pleasant Retreat, or to submit a reservation of rights to Pleasant Retreat, is a violation of Section 541.060(a)(4)

and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(4).

85.    Church Mutual's unfair settlement practice, as described above, of refusing to pay Pleasant Retreat's Claim without conducting a reasonable investigation, is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(7).

## COUNT III.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

86.    Pleasant Retreat incorporates by this reference each and all of the factual allegations contained in Paragraphs 1-86 of this Complaint as though fully set forth herein.

87.    Church Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this article are made actionable by Section 542.060 of the Texas Insurance Code. *See* TEX. INS. CODE § 542.060.

88.    Church Mutual's failure to acknowledge receipt of Pleasant Retreat's Claim, to commence investigation of the Claim, and to request from Pleasant Retreat all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of the Claim in violation of the Texas Insurance Code Section 542.055.  *See* TEX. INS. CODE § 542.055.

89.     Church Mutual's failure to notify Pleasant Retreat in writing of its acceptance or rejection of the Claim within the applicable time constraints, constitutes a non-prompt payment of the Claim.  *See* TEX. INS. CODE § 542.056.

90.     Church Mutual's delay of the payment of Pleasant Retreat's claim following its receipt of all items, statements, and forms reasonably requested and required, took longer than the amount of time statutorily allowed, as described above, and is a violation of Section 542.058. Such conduct constitutes a non-prompt payment of the Claim. *See* TEX. INS. CODE § 542.058.

## COUNT IV.
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

91.     Pleasant Retreat incorporates by this reference each and all of the factual allegations contained in this Complaint as though fully set forth herein.

92.     Because an insurer has the ability and more easily can take advantage of the insured due to an insurers exclusive control over the evaluation, processing and denial of claims, insurance companies and their policies present an inherent "unequal bargaining power." In legal terms, this unlevel playing field results in a "special relationship" between an insurer and an insured and further justifies the imposition of a common law duty on insurers to "deal fairly and in good faith" with their insureds.

93.     Church Mutual's conduct however, as described herein, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. Church Mutual failed to perform its contractual duties to adequately compensate Pleasant Retreat under the terms of the Policy. Specifically, Church Mutual refused to pay

the full proceeds of the Policy, although due notice was made for proceeds to be paid in an

amount sufficient to cover the damaged Property and to restore it to its condition before

the loss. Thus, from and after the time Pleasant Retreat's Claim was presented to Church

Mutual, the liability of Church Mutual to pay the full Claim in accordance with the terms

of the Policy was reasonably clear and there was no basis upon which a reasonable insurer

would have relied to deny the full payment.

94.     Church Mutual's failure, as described above, to adequately and reasonably

investigate and evaluate Pleasant Retreat's Claim, and to pay the full proceeds of the

Policy, although, at that time, Church Mutual knew or should have known by the exercise

of reasonable diligence that its liability was reasonably clear, constitutes a breach of the

duty of good faith and fair dealing owed to Pleasant Retreat. Church Mutual's conduct has

caused Pleasant Retreat to lose Policy benefits to which they were entitled, and which

Church Mutual should have paid, in full.

## KNOWLEDGE

95.     Each of the acts described above and herein, together and singularly, was

done "knowingly," as that term is used in the Texas Insurance Code and was a producing

cause of Pleasant Retreat's damages described herein.

## DAMAGES

96.     Pleasant Retreat will show that all the acts, taken together or singularly,

constitute the producing causes of the damages sustained by Pleasant Retreat.

97.     As previously mentioned, the damages caused by the loss have not all been

properly addressed, or repairs made in the months since, causing further damages to the

Property, as well as undue hardship and burden to Pleasant Retreat. These additional damages are a direct result of Church Mutual's mishandling of Pleasant Retreat's claim in violation of the laws set forth above.

98.     For breach of contract, Pleasant Retreat is entitled to regain the benefit of their bargain for their purchase of the Policy which is the amount of their Claim, together with attorney's fees under Section 38.001 of the Texas Civil Practices and Remedies Code. All conditions precedent to Pleasant Retreat's claims for relief have been performed or have occurred and/or Church Mutual has waived the same.

99.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Pleasant Retreat is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees, and all other damages that they are entitled to. For knowing conduct of the acts described above, Pleasant Retreat asks for three times their actual damages under Section 541.152 of the Texas Insurance Code. *See* TEX. INS. CODE § 541.152.

100.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims Act, Pleasant Retreat is entitled to their actual damages, as well as simple interest on the amount of their Claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. *See* TEX. INS. CODE § 542.060.

101.    For breach of the common law duty of good faith and fair dealing, Pleasant Retreat is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

102.    For the prosecution and collection of this claim, Pleasant Retreat has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Pleasant Retreat is entitled to recover a sum for the reasonable and necessary services of Pleasant Retreat's attorneys in the preparation and trial of this action, including any appeals and/or further legal recourse post-trial.

## JURY DEMAND

103.    Pleasant Retreat hereby requests that all causes be tried by a jury consisting of citizens residing in Smith County, Texas. Pleasant Retreat hereby tenders the appropriate jury fee with the filing of this Complaint.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law

or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

*/s/ Rene M. Sigman*

**Rene M. Sigman, Esq.**
State Bar No. 24037492
Fed. Bar No. 900984
**Emily B. Marlowe, Esq**.
State Bar No. 24076206
Fed. Bar No. 2248224
**MERLIN LAW GROUP, P.A.**
515 Post Oak Blvd, Suite 510
Houston, Texas 77027
Telephone: (713) 626-8880
Facsimile:  (713) 626-8881
Email: RMSdocket@merlinlawgroup.com

-and-

William F. "Chip" Merlin, Jr., Esq.
J. Drew Houghton, Esq.
Larry E. Bache, Jr. Esq.
**MERLIN LAW GROUP, P.A.**
One Leadership Square
211 N. Robinson Ave., Suite 210
Oklahoma City, OK 73102
Telephone: (405) 218-1105
Facsimile:  (405) 218-1106
Email:cmerlin@merlinlawgroup.com
        dhoughton@merlinlawgroup.com
        lbache@merlinlawgroup.com